ORIGINAL

Of Counsel:
MATSUI CHUNG
A Law Corporation

WARD F.N. FUJIMOTO  4517-0
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 1400
Honolulu, Hawaii 96813
Telephone: (808) 536-3711
Facsimile: (808) 599-2979
E-mail: info@triallawhawaii.com

D. FAYE CALDWELL     (Pro Hac Vice)
Caldwell & Clinton, P.L.L.C.
1001 Fannin Street, Suite 1000
Houston, Texas  77002
Telephone: (713) 654-3000
Facsimile:  (713) 654-3002
E-mail: FCaldwell@caldwellclinton.com

Attorneys for Defendant LABONE, INC.,
d/b/a NORTHWEST TOXICOLOGY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 27 2008

at __ o'clock and 45 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK S. BAREFOOT,<br><br>        Plaintiff,<br><br>    vs.<br><br>NORTHWEST TOXICOLOGY, LABONE, INC., and DOE DEFENDANTS 1-100,<br><br>        Defendants. | CIVIL NO. CV07-00618 HG BMK<br><br>FINDINGS AND RECOMMENDATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT<br><br>Judge:  The Honorable<br>        Barry M. Kurren |

FINDINGS AND RECOMMENDATION FOR
DETERMINATION OF GOOD FAITH SETTLEMENT

This action arises out of a dispute over liability, causation and damages in connection with a urine sample

collected by the Department of the Navy, United States of America (hereinafter collectively referred to as "the Navy") on or about April 13, 2005 and subsequently sent for testing at Northwest Toxicology, now a division of Defendant Labone, Inc. (hereinafter collectively referred to as "LabOne"). Plaintiff Mark S. Barefoot filed this action against LabOne and a separate action against the Navy, alleging negligence and other claims in connection with said urine sample.

Plaintiff has reached a settlement with LabOne. On September 19, 2008, LabOne filed a Motion For Determination of Good Faith Settlement. On September 23, 2008, Plaintiff filed a Statement Of No Position And Notice Of Non-Appearance with respect to LabOne's Motion. On October 10, 2008, the Navy filed a Statement Of No Opposition with respect to the Motion. Good cause appearing in light of the lack of opposition, this Court has decided to issue these Findings and Recommendation For Determination Of Good Faith Settlement based on the foregoing submissions, without the necessity of a hearing.

After careful consideration of LabOne's Motion and supporting memoranda, and the totality of the circumstances, the Court hereby FINDS that the settlement between Plaintiff and LabOne is in good faith and RECOMMENDS that a determination of good faith settlement be made.

RELEVANT LAW

Under Hawaii law, "[a] determination by the court that a settlement was made in good faith shall: (1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and (2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement." Haw. Rev. Stat. § 663-15.5. A court must examine the totality of the circumstances to determine whether a settlement has been made in good faith for the purposes of § 663-15.5. Troyer v. Adams, 102 Hawai'i 399, 403, 77 P.3d 83, 87 (2003). The good faith and reasonableness of a settlement can also be determined based on uncertainties of recovery on disputed claims as between the settling parties. See Brooks v. Dana Nance & Co., 113 Hawai'i 406, 153 P.3d 1091 (2007).

DISCUSSION

In its Order Granting Defendant's Motion to Dismiss Complaint (Docket Entry No. 14), entered herein on February 21, 2008, the Court ruled that LabOne was under no duty with respect to the Navy's collection and identification of urine samples where it was precluded by federal regulations from being involved in collection and identification of such urine samples and that there were insufficient facts as to Plaintiff's

negligent testing claim and derivative claims against LabOne. The Court twice granted Plaintiff leave to amend his complaint and the settlement between Plaintiff and LabOne arose given the uncertainty of Plaintiff's recovery against LabOne in light of the most recent motion for dismissal that had been filed by LabOne.

Given that the Navy has filed a Statement Of No Opposition to LabOne's current Motion, there is no dispute that the settlement between Plaintiff and LabOne is reasonable and in good faith and, based on the totality of the circumstances, this Court FINDS and RECOMMENDS that the settlement is in good faith for purposes of Haw. Rev. Stat. § 663-15.5, and that LabOne's Motion For Determination Of Good Faith Settlement be GRANTED.

## CONCLUSION

After careful consideration of LabOne's Motion and supporting memoranda, and the totality of the circumstances, the Court hereby FINDS that the settlement between Plaintiff and LabOne is in good faith and RECOMMENDS that a determination of good faith settlement be made and that LabOne's Motion be GRANTED.

IT IS SO FOUND AND RECOMMENDED

DATED: HONOLULU, HAWAII, 10-24-2008

United States Magistrate Judge